IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**BOBBIE MARIE GAGE**                                                                      **PLAINTIFF**

V.                                        **CASE NO. 3:14-CV-3043**

**CAROLYN W. COLVIN, Commissioner**
**Social Security Administration**                                                          **DEFENDANT**

## OPINION AND ORDER

Now pending before this Court are Plaintiff Bobbie Marie Gage's Motion for Attorney Fees (Doc. 24) and Brief in Support (Doc. 25), filed on November 14, 2016, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant Carolyn W. Colvin, Commissioner of the Social Security Administration ("the Commissioner"), filed a Response in Opposition to the Motion (Doc. 26) on November 28, 2016, expressing no objection to the amount of fees requested, but observing that the Motion was filed "prematurely," that is, before the time had run for the Commissioner to file an appeal of the Court's Judgment, if desired. On the same day that the Commissioner filed her Response, Ms. Gage filed a Reply (Doc. 27), disagreeing that her Motion for Fees was premature and pointing out that "[i]t would be ludicrous to require one to wait for an appeal when the Defendant, who would be the appealing party, is the one who made the Motion to Remand."

A party may file for attorney fees under the EAJA within 30 days of final judgment. 28 U.S.C. § 2412(d)(1)(B). A final judgment, for purposes of the EAJA, is one that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Where, as here, the United States is a

1

party to the proceedings, the appeal period runs for 60 days from the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B). Thus, a request for an award of attorney fees under the EAJA may be filed as late as 30 days after the judgment becomes "not appealable," *i.e.,* 30 days after the 60-day time for appeal has ended.

According to the Eighth Circuit, a district court should generally "refrain from passing on the question of attorney fees until the litigation is final for purposes of the EAJA" so that it can "avoid deciding an issue that may become moot if the government prevails on appeal." *Harmon v. United States*, 101 F.3d 574, 587 (8th Cir. 1996). However, in the instant case, even though Ms. Gage filed her EAJA petition before the end of the 60-day appeal period, there was no possibility that the Commissioner would file an appeal. Because of that unassailable fact, Ms. Gage's Motion for Fees was not premature.

Support for the Court's conclusion is found in *Aarda v. United States Citizenship and Immigration Services*, an opinion authored by the Honorable Richard H. Kyle, United States District Judge for the District of Minnesota. 2008 WL 974916, at *3 (D. Minn. Apr. 8, 2008). In the *Aarda* case, Judge Kyle surveyed the case law from around the country discussing when a reviewing court should consider an EAJA petition to have been prematurely filed. It appears that most courts considering the issue have found that "the EAJA sets forth only *a deadline* for filing such [fee] applications, not a starting date." *Id.* (emphasis added) (citing *Johnson v. Gonzales*, 416 F.3d 205, 208 (3d Cir. 2005); *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986); *James v. Dep't of Hous. & Urban Dev.*, 783 F.2d 997, 998 (11th Cir. 1986); *Gonzalez v. United States*, 44 Fed. Cl. 764, 767-68 (Fed. Cl. 1999)). In particular, the Third Circuit in

*Taylor v. United States* explained that, according to the legislative history of the EAJA, a petition for fees may be filed at any time "after a losing party asserts that no further appeal will be taken." 749 F.2d 171, 174 & n.8 (3d Cir. 1984). The Eighth Circuit has also indicated—albeit in dicta—that it believes "no useful purpose" is served in dismissing an EAJA fee petition as premature when, at the time of the petition's filing, all parties acknowledge that the petitioner has prevailed and is entitled to fees. *See Welter v. Sullivan*, 941 F.2d 674, 675-76 (8th Cir. 1991) (citing to *Auke Bay*, 779 F.2d at 1393).

In the instant dispute, the Commissioner conceded on September 6, 2016, that Ms. Gage was the prevailing party and requested that the Court enter judgment in her favor, thus "ending this case." (Doc. 20, p. 3). The Commissioner went so far as to note in her briefing that the dismissal should be "without prejudice to the subsequent filing for attorney fees under the Equal Access to Justice Act (EAJA)"—a motion the Commissioner surely anticipated. *Id.* Yet, when Ms. Gage's Motion for Fees was filed two months later, on November 14, 2016, the Commissioner objected that it had been filed one month too soon, and that counsel for Ms. Gage should have waited 28 more days—so as to fully exhaust the Government's 60-day appeal period.

It should be obvious from the discussion above that the Commissioner's objection is not well taken by the Court. The Commissioner does not, and indeed cannot, offer any practical reason why Ms. Gage's counsel should have delayed a moment longer in filing her request for fees. Indeed, the Court can only surmise that the Commissioner asserted her objection in order to cause delay in these proceedings, and perhaps to waste opposing counsel's time. Therefore, counsel for the Commissioner is cautioned to avoid making objections such as this one in the future.

Turning now to the substance of the Motion for Fees, the Court finds that Ms. Gage was the prevailing party in this dispute, and that the Commissioner's decision to deny benefits was not substantially justified. Further, the Court finds that the number of attorney and paralegal hours claimed by Ms. Gage's counsel, and the rates requested to perform these services, are reasonable, given the demands of the litigation. Accordingly, **IT IS ORDERED** that Plaintiff Bobbie Marie Gage receive an attorney's fee award under the EAJA in the amount of **$3,306.00**, which represents 18.2 attorney hours expended between 2014 and 2016 at an hourly rate of $180.00, and 0.40 paralegal hours at an hourly rate of $75.00.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to a plaintiff may properly be mailed to the plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by Plaintiff's counsel, the award made herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**IT IS SO ORDERED** on this 20th day of January, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE